## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: T.S., T.R., and C.R.**

**No. 12-1321** (Braxton County 12-JA-1, 2 and 3)

**FILED**

April 19, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother filed this appeal, by counsel Christina Flanigan, from the Circuit Court of Braxton County which terminated her custodial rights by order entered on October 15, 2012. The guardian ad litem for the children, David Karickhoff, has filed a response supporting the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney Michael L. Jackson, also filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

This family was involved in a prior abuse and neglect case in 2003. In that case, the petition alleged that the parents failed to protect their children from sexual abuse by two other individuals, one of them being the children's uncle. The circuit court eventually ordered reunification of the parents with two of the children. The third child, T.S., was separately placed with his biological father. In February of 2012, the DHHR filed the petition that initiated the instant abuse and neglect case. This petition alleged that the parents failed to protect their children by permitting T.R. and C.R. to spend weekends with the uncle who previously sexually abused T.S. Both parents admitted to allowing the children in their uncle's care after the uncle had admitted to sexual abuse. The parents thereafter underwent psychological evaluations and, ultimately, the circuit court terminated both parents' custodial rights to the children. Petitioner Mother appeals this order.

Petitioner Mother argues three assignments of error. First, she argues that the circuit court erred by terminating her custodial rights and not granting her an improvement period because the DHHR did not make a thorough effort to determine whether she can adequately care for the children with intensive long-term assistance. She argues that she was only offered visitation and no services throughout this case. In response, the children's guardian ad litem and the DHHR argue that the circuit court did not err in its findings to terminate Petitioner Mother's custodial rights. They argue that, pursuant to West Virginia Code § 49-6-5(b)(6), the circuit court is directed to terminate custodial rights upon finding that a parent has a mental deficiency that renders him or her incapable of exercising proper parenting skills or incapable of sufficiently improving the adequacy of these skills.

1

Petitioner Mother also argues that the circuit court erred in terminating her rights without an improvement period when it was brought to the circuit court's attention that the inappropriate conduct alleged in the petition was determined to have not occurred. Petitioner Mother further argues that the circuit court's failure to set a hearing with regard to this exculpatory evidence was reversible error. In response, the children's guardian ad litem and the DHHR argue that the circuit court committed no reversible error in its termination or in its procedural conduct of this case. They argue that nothing in the case changed the fact that the children's uncle was a registered sex offender and that the parents allowed the children to stay with him.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Upon our review, the Court finds no clear error with the circuit court's findings of fact in its determination to terminate Petitioner Mother's custodial rights to the subject children. A review of the transcript of the dispositional hearing reflects that the parents' psychologist testified that Petitioner Mother stated that there was not anything about this case that she would have done differently. Our review indicates that the circuit court was presented with sufficient evidence upon which it based findings that there was no reasonable likelihood to believe that conditions of abuse and neglect could be substantially corrected in the near future, and that termination was necessary for the children's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate custodial rights upon such findings.

For the foregoing reasons, we affirm the circuit court's order terminating petitioner's custodial rights to the subject children.

Affirmed.

2

**ISSUED:**  April 19, 2013

**CONCURRED IN BY:**

Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**

Chief Justice Brent D. Benjamin

Benjamin, Chief Justice, dissenting:

I dissent on procedural grounds from the majority decision in this matter that affirmed the termination of the custodial rights of a mother and father to their two children, T.R. and C.R., and to a third child who is the son of the petitioner mother and the stepchild of the petitioner father. The parents of these children were entitled to a hearing under our Rules of Procedure for Child Abuse and Neglect (hereinafter "Rules") prior to the termination of their custodial rights.

The long history of the present case has its start in 2003, when the petitioner parents were named in a prior abuse and neglect proceeding regarding these children. At the time of the filing of the first petition, the petitioners were accused of failing to protect their children from sexual abuse at the hands of two people, one of whom was the children's uncle. The children's uncle was convicted of sexually abusing T.S. The 2003 proceeding culminated in the reunification of T.R. and C.R. with their parents. T.S. was placed in the custody of his biological father.

The present abuse and neglect proceeding is again related to the failure of the petitioner parents to protect their children from sexual abuse. In February, 2012, the Department of Health and Human Resources averred in a new petition that T.R. and C.R. were being allowed to spend weekends with the very uncle who was convicted in 2003 of sexually abusing their sibling T.S. The petitioners admitted that the children were allowed to stay overnight with their uncle, and the children were adjudicated abused and/or neglected because of this. After a dispositional hearing was held, but prior to the court's ruling on the disposition of this matter, the petitioner mother and petitioner father each moved to set aside the adjudication and disposition based upon the assertion that there was exculpatory evidence in the hands of the State that would prove that the children's uncle did not engage in sexual abuse of T.S. Without having a hearing on that motion, the court entered a dispositional order which terminated the petitioners' custodial rights to the children.

Rule 46 of the Rules of Procedure for Abuse and Neglect addresses the modification or supplementation of an abuse and neglect order. The rule states, in applicable part, that

> A child, a child's parent (whose parental rights have not been terminated). . . shall file a motion in the circuit court of original jurisdiction in order to modify or supplement an order of the court at any time. . .The court shall conduct a hearing and, upon a showing of a material change of circumstances, may modify or supplement the order. . .

The court should have held a hearing on the motions filed by the petitioners seeking to utilize this exculpatory evidence about the underlying sexual abuse allegations on the part the children's uncle. The court erred by summarily denying these motions, without giving the parents the opportunity to be heard. I would reverse the order, and remand this case to the Circuit Court of Braxton County for a hearing on the motions for exculpatory evidence filed by the petitioner parents.